Michael Yancey III, NV #16158
CONSUMER ATTORNEYS
2300 West Sahara Ave. Suite 800
Las Vegas, NV 89102
E: myancey@consumerattorneys.com
T: (480) 573-9272
F: (718) 715-1750
*Attorneys for Plaintiff*
*Aaron Ridge*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| Aaron Ridge, | Case No. 2:24-cv-01910 |
|---|---|
| Plaintiff, | **JOINT [PROPOSED] DISCOVERY PLAN AND SCHEDULING ORDER** |
| - against - | **SUBMITTED IN COMPLIANCE WITH LR 26-1(b)** |
| Harris Las Vegas, LLC d/b/a Harris Company, | |
| Defendants. | |

Plaintiff Aaron Ridge and Defendant Harris Las Vegas, LLC d/b/a Harris Company ("Harris"), by and through their counsel of record, hereby submit their stipulated Discovery Plan and Scheduling Order pursuant to Federal Rule of Civil Procedure 16(b), 26, and Local Rule 26-1(b). Deadlines that fall on a Saturday, Sunday, or legal holiday have been scheduled for the next judicial day.

1. **Meeting**: Pursuant to FRCP Rule 26(f), a meeting was held on December 4, 2024, and was attended virtually by Michael Yancey of Consumer Justice Law Firm for Plaintiff Aaron Ridge, and Hayley LaMorte of Evans Fears Schuttert McNulty Mickus on behalf of Defendant Harris.

2. **Statement of the Case**: This is a Title VII employment case. Plaintiff Aaron Ridge alleges that during the course of his employment with Harris he experienced ongoing and

continuous race-based hostility. Plaintiff alleges that Harris senior leadership did not remedy the situation, creating a hostile work environment ultimately resulting in Plaintiff's suspension and termination from employment with Harris. Harris denies the allegations and deny that they are liable for any of Plaintiff's injuries.

3. **Initial Disclosures**: The parties will make their pre-discovery disclosures, including but not limited to any Computation(s) of Damages required pursuant to FRCP 26(a)(1)(A)(iii), on or before January 3, ~~2024~~. 2025

4. **Areas of Discovery**: The parties agree that the areas of discovery should include, but not be limited to: all claims and defenses allowed pursuant to the Federal Rules of Civil Procedure, causation, liability, and damages.

5. **Electronically Stored Information**: The parties have discussed the retention and production of electronic data. The parties agree that service of discovery by electronic means, including sending original electronic files by email or on a CD is sufficient. The parties reserve the right to revisit this issue if a dispute or need arises.

6. **Claims of Privilege or Protection as Trial-Preparation Material**: The parties agree that there may be a need for discovery in this case to be governed by a protective order. If the parties agree concerning the need for and scope and form of such a protective order, their counsel will confer and then submit a jointly proposed protective order to the Court at such time. If the parties disagree concerning the need for, and/or scope or form of a protective order, the party or parties seeking such an order shall file an appropriate motion and supporting memorandum. Additionally, the parties are not seeking documents or information protected by privilege or otherwise exempted from discovery under the Federal Rules of Civil Procedure or other laws. The parties agree that the following service of any interrogatory response or document production from which some or all information or documents are withheld on the basis of privilege, the parties will confer on the scope of the interrogatories and/or requests for production, the need to limit the scope of same, and any need for privilege logs.

7. **Changes to Presumptive Limits on Discovery**: The parties do not propose any changes to the presumptive limits in the discovery rules and will cooperate with each other should deviations become necessary.

8. **Other Orders under Rule 26(c) or Rule 16(b) and (c)**: The parties may enter into a stipulated protective order prior to the disclosure of confidential or proprietary documents.

9. **Discovery Plan**: The parties propose the following discovery plan:

   A. **Discovery Cut-off Date(s)**: Discovery will cut off 181 days from the date of filing of the Harri's Answer, May 12, 2025.

   B. **Amending the Pleadings and Adding Parties**: The parties shall have until February 11, 2025, to file any motions to amend the pleadings to add parties. This is 90 days before the discovery cut-off date.

   C. **Disclosure of Initial Expert Reports**: The parties shall have until March 13, 2025, to disclose experts and their reports. This is 60 days before the discovery cut-off date.

   D. **Disclosure of Rebuttal Expert Reports**: The parties shall have until April 14, 2025 to disclose rebuttal experts and their reports. This is 31 days after Initial Disclosure of Experts.

   E. **Dispositive Motions**: The parties shall have until June 11, 2025, to file dispositive motions. This is 30 days after the discovery cut-off date, as required by LR 26-1(b)(4).

   F. **Pre-Trial Order**: The parties will prepare a Consolidated Pre-Trial Order on or before July 11, 2025, which is not more than 30 days after the date set for filing dispositive motions in the case, as required by LR 26-1(b)(5). This deadline will be suspended if dispositive motions are timely filed until 30 days after the decision of the dispositive motions or until further order of the Court. The disclosure required by FRCP Rule 26(a)(3), and objections thereto, shall be included in the pre-trial order.

3

G. **Court Conferences**: If the Court has questions regarding the dates proposed by the parties, the parties request a conference with the Court before entry of the Scheduling Order. If the Court does not have questions, the parties do not request a conference with the Court.

H. **Extensions or Modifications of the Discovery Plan and Scheduling Order**: LR 26-3 governs modifications or extensions of this Discovery Plan and Scheduling Order. Any stipulation or motion to extend a deadline set forth in the discovery plan and scheduling order must be made not later than 21 days before the subject deadline. Any stipulation or motion to extend the discovery cut-off period must be made no later than <u>April 21, 2025</u>, 21 days before the discovery cut-off date.

10. **Format of Discovery**: Pursuant to the electronic discovery amendments to the Federal Rules of Civil Procedure effective December 1, 2020, the parties addressed the e-discovery issues pertaining to the format of discovery at the Rule 26(f) conference. The parties do not believe that this case is suitable for discovery of electronically stored information in native format but state that production of any relevant electronically stored information in hard copy (pdf or other similar means) has been sufficient in prior similar employment cases.

11. **Alternative Dispute Resolution:** The parties certify that they have met and conferred about the possibility of using alternative dispute-resolution processes including mediation, arbitration, and if applicable, early neutral evaluation. The parties have not reached any stipulations at this stage.

12. **Alternative Forms of Case Disposition:** The parties certify that they considered consent to trial by a magistrate judge under 28 U.S.C. section 636(c) and Fed. R. Civ. P. 73 and the use of the Short Trial Program (General Order 2013-01). The parties have not reached any stipulations at this stage.

13. **Electronic Evidence:** The parties certify that they discussed whether they intend to present evidence in electronic format to jurors for the purposes of jury deliberations. The parties

have not reached any stipulations in this regard at this time. The parties will consult the court's website or contact the assigned judge's courtroom administrator for instructions about how to prepare evidence in an electronic format and other requirements for the court's electronic jury evidence display system.

Dated: December 20, 2024

By: */s/ Michael Yancey*
Michael Yancey III, NV #16158
**CONSUMER ATTORNEYS**
2300 West Sahara Ave. Suite 800
Las Vegas, NV 89102
E: myancey@consumerattorneys.com
T: (480) 573-9272
F: (718) 715-1750
*Attorneys for Plaintiff Aaron Ridge*

By: */s/ Jay J. Schuttert*
Jay J. Schuttert, Esq. (SBN 8656)
Hayley E. LaMorte, Esq. (SBN 14241)
**EVANS FEARS SCHUTTERT MCNULTY MICKUS**
6720 Via Austi Parkway, Suite 300
Las Vegas, NV 89119
Telephone: (702) 805-0290
Facsimile: (702) 805-0291
jschuttert@efsmmlaw.com
hlamorte@efsmmlaw.co
*Attorneys for Defendant Harris Las Vegas, LLC d/b/a Harris Company*

### SCHEDULING ORDER

The above-set stipulated Discovery Plan of the parties shall be the Scheduling Order for this action pursuant to Federal Rule of Civil Procedure 16(b) and Local Rule 16-1.

IT IS SO ORDERED

_____
United States Magistrate Judge

Dated: December 23, 2024

5